# CIRCUIT COURT OF THE CITY OF ROANOKE

Tina L. Nelson

v.

Thompson Trucking, Inc.,
David E. Rose,
and James L. Wimmer

March 23, 2015

Case No. CL14-2005

By Judge David B. Carson

Defendants Thompson Trucking, Inc., and David E. Rose (hereinafter "Thompson Trucking") have objected to venue in this Court and moved to transfer this case to the Circuit Court of Montgomery County. Co-defendant James L. Wimmer has joined in the objection and motion filed by Thompson Trucking. Plaintiff argues that Thompson Trucking regularly conducts substantial business activity in the City of Roanoke and that venue is thus appropriate in this Court pursuant to § 8.01-262(3) of the Code of Virginia. Thompson Trucking argues that its business activity in the City of Roanoke is not substantial and, therefore, Plaintiff's choice of venue under § 8.01-262(3) is not proper.

I have considered the oral argument presented by counsel at the March 13, 2015, hearing on this matter. I have also reviewed and considered the written submissions received from counsel both before and since the March 13 hearing. Upon consideration, I sustain Thompson Trucking's objection to venue and grant its motion to transfer this case to the Circuit Court of Montgomery County.

Before July 2004, § 8.01-262(3) of the Code of Virginia read that venue was appropriate "wherein the Defendant regularly conducts affairs or business activity." In July 2004, the General Assembly amended that Code provision to read "wherein the Defendant regularly conducts substantial business activity." The obvious difference between the two is the inclusion of the word "substantial" in the amended Code.

From the evidence before me, there is no doubt that Thompson Trucking regularly conducts business activity in the City of Roanoke. In support of its argument that its business activity is not substantial, Thompson Trucking

proffered that it employs 251 individuals in three different trucking facilities across the Commonwealth, which are located in Danville, Roanoke, and Concord. Of these 251 employees, five are stationed at the Roanoke facility, and approximately twenty-two additional employees, who are drivers, appear to use the Roanoke facility as their hub. Therefore, twenty-seven full and part-time employees, or approximately 10.7% of Thompson Trucking's workforce, work in or out of Roanoke.

In addition, Thompson Trucking owns a total of 780 vehicles, of which approximately twenty-seven are located at the Roanoke facility. Therefore, approximately 3% of Thompson Trucking's "fleet" is headquartered in and around Roanoke.

Finally, in 2014, Thompson Trucking had total revenue of $39,289,000.00. It reported that it had a single client in the City of Roanoke, from which it derived revenue of $831,670.38. Therefore, as of 2014, approximately 2% of Thompson Trucking's total revenue is attributable to its sole client in Roanoke.

Under the circumstances, while I have no difficulty concluding that Thompson Trucking regularly conducts business activity in the City of Roanoke, I am not able to conclude that Thompson Trucking regularly conducts *substantial* business activity in the City of Roanoke. Accordingly, I sustain Thompson Trucking's objection to venue and grant its motion to transfer this case to the Montgomery County Circuit Court.